# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# Civil Action No. 3:23-cv-00068-SCR

| | |
|---|---|
| **CHRISTIAN FREUDENBERG,** | )<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | )<br>) **CONSENT PROTECTIVE ORDER**<br>)<br>) |
| **SERVCON, LLC** | )<br>)<br>) |
| **Defendant.** | )<br>) |

Plaintiff Christian Freudenberg ("Plaintiff") and Defendant Servcon, LLC ("Defendant") (collectively the "Parties"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, moved the Court for the entry of a Consent Protective Order. Upon consideration of the joint motion and official court file, the Court determines as follows:

1. In the course of discovery in this action, the Parties may have reason to provide deposition testimony and/or produce documents, information, or testimony under the Federal Rules of Civil Procedure, which may (a) contain trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c).

2. Good cause exists for the issuance of a protective order governing the Parties' production of such confidential information described above.

3. The Parties, by the signatures of their counsel below, consent to the entry of this Consent Protective Order.

IT IS THEREFORE ORDERED, for good cause shown, that the joint motion by the Parties for the entry of a Consent Protective Order is GRANTED. The parties are permitted to produce information containing confidential commercial information under the following terms and conditions listed below.

1. "Confidential Information" as used herein means any document or information that it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and that it designates as confidential information. Provided, however, the party shall be obligated to make specific designations to the extent reasonably possible, and to avoid overbroad designations. In order to designate documents as confidential, a party shall mark each page, or the cover page, as "CONFIDENTIAL." Examples of potentially confidential information include, but are not limited to:

   a. personnel and medical related records of individuals who are not parties to this case;

   b. proprietary, financial, business, or other commercially sensitive information of the Parties;

   c. personal financial information (including but not limited to tax withholding documents, insurance and retirement plan enrollment information, and similar documents), or medical information;

   d. and any other information that a party designates in good faith as confidential, whether documentary or otherwise, designated as Confidential Information and delivered, produced, or disclosed by any party in this action in response to an

interrogatory, a request for production of documents, a deposition question or otherwise, or delivered, produced, or disclosed by any third party in response to a subpoena, deposition question, or otherwise.

The designation of documents or information as Confidential Information shall not be conclusive for the purposes of the substantive issues in this case.

2. All documents produced or information provided or disclosed by any party or third party in discovery in this action as identified in paragraph 1 shall be treated as confidential and the use or disclosure of such documents or information shall be governed by the terms of this Protective Order, provided that the party producing or otherwise disclosing such documents or information designates such documents or information as Confidential Information at the time of production or disclosure as otherwise provided herein. The above shall also include any documents exchanged prior to the filing and/or execution of this Order with the Court, provided those documents are identified as Confidential Information in accordance with paragraphs 1 and 2.

3. Confidential Information, including copies or summaries thereof, shall be used only for the prosecution or defense of this action (including, but not limited to, any mediation, arbitration, or other settlement process, as well as appeals of this action) and shall not be used or employed for any other purpose whatsoever. Confidential information shall not be disclosed or made available to anyone except:

    a. the Court;

    b. the parties to this action and officers, directors, or employees of the parties who are actively participating in the prosecution or defense of this action;

     c.     counsel for the parties to this action and employees of said counsel;

     d.     experts or consultants specifically retained by the parties or their attorneys to assist them in preparation of this case or to serve as expert witnesses at the trial of this action;

     e.     third-party witnesses or potential witnesses;

     f.     court reports engaged to record depositions, hearings, or trials in this action;

     g.     mediators assigned to this case or selected by agreement of the parties;

     h.     any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing; and

     i.     jurors during trial.

4. Disclosure of Confidential Information pursuant to this Order shall be handled as follows:

     a.     Any person described in subparagraphs 3(a), (b), (c), (f), (g), (h), and (i) of this Order is bound by the provisions of this Order without the necessity of executing a confidentiality agreement;

     b.     Before Confidential Information is disclosed to any person set forth in subparagraphs 3 (d) and (e) of this Order, the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A;

4

and

    c.      As long as Confidential Information is handled in accordance with this Order, this Order shall not be construed as prohibiting or restricting the issue of Confidential Information during these proceedings, including, but not limited to, depositions, motions or briefing, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the admissibility of any Confidential Information into evidence in connection with any proceeding in this action.

5.      If a party or witness desires to designate any portion of a deposition as Confidential Information, the designating party or witness shall have thirty (30) days after receipt of the transcript to designate portions of the transcript as Confidential Information and inform counsel of record in writing of such designation. That designation must specify the particular pages and lines of the transcript that it wishes to designate as confidential.

6.      Documents, things, and/or information, including portions of any transcript, shall not be filed under seal without a specific court order to do so. Any party seeking such an order shall comply with the applicable Local Rules.

7.      Nothing in this Order shall prevent the disclosure of Confidential Information beyond the terms of this Order if the party that produced the information consents in advance in writing.

8.      This Order shall not limit or in any way restrict the right of any person or entity to use, disseminate, dispose of, or otherwise benefit from documents or information legitimately obtained (a) other than through discovery in this action, or (b) from any person or entity with

5

authority to provide such documents or information independent of any confidentiality requirement imposed by this Order.

9. If counsel for a party receiving documents or information designated as Confidential Information hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential Information. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10. Inadvertent Disclosure of Protected Information pursuant to this Order shall be handled as follows:

a. If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as Confidential Information, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and with specificity what documents or information it deems confidential, and the receiving party shall thereafter treat the information as Confidential Information, under this Order. To the extent such information may have been disclosed to persons other than the authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

b. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of

inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

c. If a receiving party reasonably believes that it has received information that is privileged or otherwise immune from discovery, the receiving party shall promptly inform the disclosing party in writing and not disclose the information to any person until the matter is resolved. To the extent such information may have been disclosed by the receiving party to other persons, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure of the information.

11. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

12. This Order shall remain in effect for the period of this litigation and subsequent to its termination so as to protect the confidentiality of the Confidential Information.

13. Ultimate disposition of materials and information protected by this Order is subject to a final order of the Court upon completion of the litigation. However, in the absence of a final order of the Court addressing the disposition of Confidential Information, the parties agree to dispose of any and all documents in their possession or control containing information which is the subject of this Order, including without limitation, any copies or excerpts of such documents after the termination of this litigation. Counsel for the parties may retain one copy of all documents to be kept in counsels' files and otherwise subject to the terms of this Order.

14. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, or thing: (a) is relevant and subject to discovery; (b) is or is not confidential business, personnel or personal information; or (c) is or is not admissible in evidence at trial or at any hearing.  The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

**SO ORDERED**.

Signed: May 23, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge

CONSENTED TO:

By: __/s/ Kirton Madison_____
Kirton Madison NC Bar No. 43029
Madison Law, PLLC
8936 Northpointe Executive Park Drive
Suite 240-260
Huntersville, NC 28078
Telephone: 704.981.2790
Fax: 704.930.0648
Email: *kmadison@madlawpllc.com*

*Counsel for Plaintiff*

By: __/s/ Drew A. Richards_____
Drew A. Richards NC Bar No. 37017
Charles B. Melcombe NC Bar No. 54204
Copeland Richards, PLLC
215 S. Main Street, Suite 301
PO Box 430
Davidson, NC 28036
PHONE: 704.439.4441
FAX: 704.439.4413
EMAIL: *drew@copelandrichards.com*
       *charlie@copelandrichards.com*

*Counsel for Defendant*